UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADVANCED GYNECOLOGY AND LAPARASCOPY OF NORTH JERSEY, P.C., et al.,**<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,**<br><br>　　　　　　　　Defendants. | Civil Action No. 19-22234 (ES) (MAH)<br><br>ORDER |

　　　This matter having come before the Court by way of Defendants', Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (together, "Defendants"), motion to stay discovery pending the adjudication of Defendants' motion to dismiss the Third Amended Complaint, [Mot. to Stay, D.E. 138];[1]

---

[1] The Court writes primarily for the parties and sets forth only the pertinent facts relevant to this motion. Plaintiffs filed the Complaint in this action on December 31, 2019. [Compl., D.E. 1.]. Defendants filed a motion to dismiss thereafter. [Mot. to Dismiss, May 6, 2020, D.E. 31]. At that time, the Undersigned granted a partial motion to stay on Plaintiffs' RICO claims. [Partial Stay, May 13, 2020, D.E. 36].

Shortly after Defendants filed their motion to dismiss, Plaintiffs filed the First Amended Complaint. [First Am. Compl., May 27, 2020, D.E. 39]. Again, Defendants moved to dismiss. [Mot. to Dismiss First Am. Compl., June 24, 2020, D.E. 49]. The parties thereafter went to mediation before Judge Garrett E. Brown. [Order, D.E. 64 (terminating the motion to dismiss)]. When mediation was unsuccessful, Plaintiffs filed a motion for leave to file a Second Amended Complaint, which this Court granted on June 28, 2021. [Mot. for Leave, June 15, 2021, D.E. 66; Granting Leave to file Second Am. Compl., D.E. 70]. That complaint was filed on July 1, 2021, and a subsequent motion to dismiss shortly followed. [Second Am. Compl., D.E. 73; Mot. to Dismiss Second Am. Compl., July 15, 2021, D.E. 79]. The Honorable Esther Salas granted Defendants' motion in a bench ruling, but provided Plaintiffs leave to amend the complaint. [Order Granting Motion to Dismiss, June 24, 2022, D.E. 118].

and the Court having considered the instant motion without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and the Court having considered the parties' submissions [Mot. to Stay, D.E. 138; Opp'n Br., D.E. 144; Reply Br., D.E. 145], the record, and the applicable law;

and Federal Rule of Civil Procedure 26(c) providing the Court may stay discovery upon a showing of "good cause;"

and the Court noting that the moving party, here Defendants, bear the burden of showing "good cause" for a stay, *Cipollone v. Ligget Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Coyle v. Hornell Brewing Co.*, Civ. No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009);

and a finding of good cause requires a balancing of the interests of the parties, the interest of the court, and the public's interest in a just, speedy, and efficient adjudication of the claims, *see In re Plastics Additives Antitrust Litig.*, Civ. No. 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov. 29, 2004);

and courts generally considering the following factors when determining whether a stay is warranted:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

---

Plaintiffs filed their Third Amended Complaint on August 22, 2022. [Third Am. Compl., D.E. 126]. Defendants moved to dismiss that complaint on November 21, 2022. [Mot. to Dismiss Third Am. Compl., D.E. 136]. The Undersigned held a telephone status conference on November 3, 2022, during which Defendants sought leave to move to stay the matter pending adjudication of their motion to dismiss. [Order, D.E. 133]. The Court granted Defendants leave to file the instant motion, which is now fully briefed.

2

*Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019); *Venson v. Pro Custom Solar LLC*, Civ. No. 19-19227, 2022 WL 4596725, at *8 (D.N.J. Sept. 30, 2022) (citing *Actelion Pharms. Ltd. v. Apotex Inc.*, Civ. No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013));

and the Court noting that motions to stay discovery are disfavored and a stay will not be granted absent a showing of good cause "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems," *Coyle*, 2009 WL 1652399, at *3 (quoting *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, Civ. No. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002));

and it being "well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay," *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007); *see also Udeen*, 378 F. Supp. 3d at 332;

and absent "a clear and unmistakable result, this Court does not believe the issuance of a protective order should depend upon its prediction of how the District Judge will decide [D]efendants' dispositive motion," *Gerald Chamales*, 247 F.R.D. at 454;

and Defendants having argued that good cause exists to stay this matter because without entering a stay, Defendants would be subject to "needless litigation costs," in that discovery would rest primarily on the Defendants, [Br. in Supp., D.E. 138-1, at 14-18];

and Defendants also having argued that the Court should stay discovery pending adjudication of the motion to dismiss because a stay will likely simplify the issues in this matter and Plaintiff will not suffer prejudice, [*Id.* at 14-15, 18-22];

and Defendants lastly having argued that the Court should stay discovery because this case is still in its early stages, as plenary discovery has not begun [*Id.* at 22-23];

3

and Plaintiffs having argued in opposition that a stay is not warranted because: (1) it would prejudice Plaintiffs in moving their case forward, [Opp'n Br., D.E. 144, at 18-20]; (2) Defendants have failed to prove that they will suffer a "clear case of hardship or inequity" if the Court denies their stay application, [*Id.* at 20-26]; (3) a stay will not simplify the issues for trial, but instead, would create case management issues due to the delay, [*Id.* at 26-28]; and (4) the parties have already conducted substantial discovery, but plenary discovery has not yet commenced, nor has trial been set, [*Id.* at 28-29];

and the Court finding Defendants have failed to "make out a clear case of hardship or inequity in being required to go forward," *Vanderwerff v. Quincy Bioscience Holding Co., Inc.*, Civ. No. 17-0784, 2018 WL 6243040, at *3 (D.N.J. Nov. 28, 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)), and therefore have failed to establish a stay of discovery is required here;[2]

---

[2] The Court concludes that the circumstances of this case do not warrant staying discovery. As a preliminary matter, the law is well-settled, and the parties agree, that the filing of a motion to dismiss does not constitute good cause of the issuance of a stay of discovery. *Gerald Chamales Corp.*, 247 F.R.D. at 454. Moreover, the parties disagree entirely on whether Plaintiffs' Third Amended Complaint remedies the issues that the Honorable Esther Salas identified in the Order and Oral Opinion dismissing the Second Amended Complaint. *Compare* Br. in Supp, D.E. 138-1, at 5 ("Plaintiffs have failed to fix the problems the Court identified in the prior pleading."), *with* Opp'n Br., D.E. 144 ("The Third Amended Complaint . . . fully remedies the deficiency that formed the basis for the Court's dismissal."). And this Court cannot predict, with any certainty, how the Honorable Esther Salas will rule on any motion to dismiss. *Galarza v. Whittle-Kinard*, Civ. No. 16-764, 2017 WL 2198182, at *3 (finding that a "determination of good cause cannot 'depend upon [a] prediction of how the District Court will decide defendants' dispositive motion" absent a "clear and unmistakable result").

In addition, the Court finds that Defendants have not satisfied their burden of proving that good cause exists to grant the stay. First, although Defendants seek a limited stay, and a delay alone does not necessitate a finding of undue prejudice, *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014), Plaintiffs have a right to move their action forward. *Udeen*, 378 F. Supp. 3d at 333 ("Given the extensive briefing on defendants' motion and the expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted. Having filed their complaint plaintiffs have a right to move forward."). This matter

4

and the Court also finding that, on the other hand, staying discovery until Defendants' motion to dismiss is decided may prejudice Plaintiffs by forcing them to wait an indefinite period to pursue their claims, which are already over three years old, *see Udeen*, 378 F. Supp. 3d at 333;

and the Court determining that it has a responsibility to "keep its docket moving to provide litigants with a timely and effective resolution of their claims," *Plastic Additives*, 2004 WL 2743591, at *7, and granting a stay of discovery would hinder the Court's responsibility to control the disposition of this matter;

and the Court concluding that Defendants have not satisfied their burden of showing good cause exists to stay discovery;

**IT IS on this 7th day of February 2023,**

**ORDERED** that Defendants' request to stay discovery pending adjudication of the motion to dismiss, D.E. 138, is **DENIED**; and it is further

**ORDERED** that there shall be a telephone status conference on **March 1, 2023**, at **4:00 p.m.** At the scheduled time, the parties shall dial **1-888-684-8852** and enter access code **1456817#** to join the call; and it is further

---

commenced in 2019, and save for one stay, has been proceeding with discovery. If the Court grants a stay, there is some possibility that relevant evidence may be lost or destroyed. *Id.* Therefore, the Court finds that a stay would likely prejudice Plaintiffs.

Second, the denial of a stay would not create a "clear case of hardship or inequity" for Defendants. Defendants' argument that the discovery would be time consuming and expensive is not particularly persuasive. Indeed, the Court shall manage discovery to ensure that the parties' efforts are proportional, and that the case moves along. *Id.*; *Coyle*, 2009 WL 1652399, at *4 (finding that the Magistrate Judge did not abuse his discretion in denying a stay where the burden of discovery would fall heavily on Defendants while a motion to dismiss was pending). Lastly, because discovery has been ongoing for years, granting a stay may create case management problems and unnecessary delay, perhaps conflating the issues and trial of the case. *See Venson*, 2022 WL 4596725, at *9 (citing *Coyle*, 2009 WL 1652399, at *3). Accordingly, the Court declines to stay discovery.

**ORDERED** that in preparation for the March 1, 2023 telephone conference, the parties shall file either (i) a jointly proposed discovery plan / pretrial scheduling order, or (ii) a joint status report (limited to five double-spaced pages) outlining the remaining discovery in this matter.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**
